UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
FRANKFORT DIVISION

| | |
|---|---|
| KENTUCKY LABORERS DISTRICT COUNCIL HEALTH AND WELFARE FUND; KENTUCKY LABORERS APPRENTICESHIP AND TRAINING TRUST FUND; LABORERS' NATIONAL PENSION FUND; and KENTUCKY LABORERS – EMPLOYERS COOPERATION AND EDUCATION TRUST; <br><br> Plaintiffs, <br><br> vs. <br><br> TENNESSEE VALLEY INDUSTRIAL CORPORATION, a Kentucky corporation; and ERGO – MECHANICAL INDUSTRIAL, INC. d/b/a ERGONOMIC MATERIAL HANDLING SYSTEMS, a Kentucky corporation; <br><br> Defendants. | Civil Case No. <br><br> (Electronically Filed) |

## COMPLAINT

NOW COME the Plaintiffs, the KENTUCKY LABORERS DISTRICT COUNCIL HEALTH AND WELFARE FUND *et al*. ("Plaintiffs"), by and through their counsel DENNIS JOHNSON of JOHNSON & KROL, LLC, complaining of Defendants TENNESSEE VALLEY INDUSTRIAL CORPORATION ("TVI") and ERGO – MECHANICAL INDUSTRIAL INC. d/b/a ERGONOMIC MATERIAL HANDLING SYSTEMS ("EMH SYSTEMS"), and allege as follows:

### JURISDICTION AND VENUE

1. This action arises under Sections 502 and 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") and Section 301 of the Labor-Management

Page 1 of 7

Relations Act. (29 U.S.C. §§ 1132, 1145 and 185). The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) in that the KENTUCKY LABORERS DISTRICT COUNCIL HEALTH AND WELFARE FUND is administered at 1996 By Pass South, Lawrenceburg, Kentucky 40342, the KENTUCKY LABORERS APPRENTICESHIP AND TRAINING TRUST FUND is administered at 2000 By Pass South, Lawrenceburg, Kentucky 40342, and pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Eastern District of Kentucky, Frankfort Division.

**PARTIES**

3. The KENTUCKY LABORERS DISTRICT COUNCIL HEALTH AND WELFARE FUND, KENTUCKY LABORERS APPRENTICESHIP AND TRAINING TRUST FUND and LABORERS' NATIONAL PENSION FUND (collectively "Trust Funds") are Taft-Hartley benefit funds which provide benefits to their participants and, therefore, are multiemployer plans under 29 U.S.C. § 1002.

4. The Trust Funds are fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(8), and are authorized to bring lawsuits on behalf of their participants and beneficiaries.

5. The KENTUCKY LABORERS - EMPLOYERS COOPERATION AND EDUCATION TRUST ("LECET") is a labor management cooperation committee that is jointly administered by the Kentucky Laborers District Council ("District Council") and construction industry employers in Lawrenceburg, Kentucky.

6. The LECET is the collection agent for the Ohio Valley and Southern States Laborers

Employers Cooperation and Education Trust.

7. The Trust Funds and LECET are also third-party beneficiaries of the collective bargaining agreements between the employers and several Laborers' locals within the state of Kentucky which are affiliated with the District Council.

8. Defendant TVI is a Kentucky limited liability company with its principal place of business located at 269 Triport Road, Georgetown, Kentucky 40324.

9. Defendant EMH SYSTEMS is a Kentucky corporation with its principal place of business located at 269 Triport Road, Georgetown, Kentucky 40324.

## COUNT I
## BREACH OF LABOR AGREEMENT AGAINST TVI

10. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-9 of this Complaint with the same force and effect as if fully set forth herein.

11. TVI is an employer engaged in an industry affecting commerce which agreed to be bound by the terms of the Toyota Motor Manufacturing Kentucky, Inc. Construction Project Agreement ("TMMK Agreement") through a Letter of Assent with the Central Kentucky Building and Construction Trades Council.  (A copy of the TMMK Agreement is attached hereto as **Exhibit 1**); (A copy of the Letter of Assent is attached hereto as **Exhibit 2**).

12. Through the Letter of Assent and TMMK Agreement, TVI became bound by the provisions of the Regular Building Agreement ("RBA"), which is negotiated between the District Council and the Construction Employers Association of Central Kentucky, Inc.  (A copy of the RBA is attached as **Exhibit 3**).

13. Through the RBA, TVI became bound by the provisions of the Agreements and Declarations of Trust ("Trust Agreements") for the respective TRUST FUNDS.

14. Pursuant to the provisions of the RBA and Trust Agreements, TVI is required to make monthly reports of hours paid to all bargaining-unit employees and pay contributions to the Trust Funds for each hour worked by its bargaining-unit employees. (**Exhibit 3**).

15. The monthly reports and payments during all times relevant were due on or before the 10th day of the calendar month following the calendar month during which the work was performed. (**Exhibit 3**).

16. Pursuant to the Delinquency, Audit, and Other Payment Procedures ("Procedures") adopted by the Trust Funds, employers who fail to submit their monthly contribution reports and contributions to the Trust Funds on a timely basis are responsible for payment of liquidated damages at a rate of 10% of the delinquent contributions, interest at the rate of ten percent (10%) per annum, and attorneys' fees and costs.

17. TVI has failed to remit contributions reports and payments to the Trust Funds for the months of August 2019, September 2019, October 2019, November 2019, December 2019, January 2020, February 2020 and March 2020.

18. As a result, TVI owes contributions, along with the resulting liquidated damages and interest, in an unknown amount.

19. The Plaintiffs have been required to employ the undersigned attorneys to collect the monies that are due and owing from TVI.

20. The Plaintiffs have complied with all conditions precedent in bringing this suit.

21. TVI is obligated to pay the reasonable attorneys' fees and court costs incurred by the Plaintiffs pursuant to the RBA, Trust Agreements, and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, Plaintiffs respectfully request that:

A. Judgment be entered in favor of Plaintiffs and against TVI for all contributions revealed by owing for the period of August 2019 through present, along with the resulting liquidated damages and interest;

B. Defendant TVI be ordered to pay the reasonable attorneys' fees and costs incurred by the Plaintiffs pursuant to the RBA, Trust Agreements, the Delinquency Audit and Other Payment Procedures and 29 U.S.C. § 1132(g)(2)(D); and

C. Plaintiffs have such other and further relief as the Court may deem just and equitable all at Defendant TVI's cost.

## COUNT II
## ALTER EGO LIABILITY AGAINST EMH SYSTEMS

22. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-21 of this Complaint with the same force and effect as if fully set forth herein.

23. Similar to TVI, Defendant EMH SYSTEMS is a Kentucky corporation with its principal place of business also located at 269 Triport Road, Georgetown, Kentucky 40324.

24. TVI is a wholly owned subsidiary of EMH SYSTEMS.

25. TVI and EMH SYSTEMS share the same corporate secretary: Mr. John Mandelker.

26. TVI and EMH SYSTEMS share the same business phone number: (502) 867-7225.

27. EMH SYSTEMS uses TVI for the installation of the mechanical equipment it designs.

28. On information and belief, TVI and EMH SYSTEMS have the same President and CEO: Chuck Mix.

29. On information and belief, TVI and EMH SYSTEMS share the same vice president: Mr. John Estes.

30. On information and belief, TVI and EMH SYSTEMS share some of the same management.

31. EMH SYSTEMS is aware of TVI's obligations to the TRUST FUNDS on behalf of TVI's employees who performed covered work, because TVI is a wholly owned subsidiary of EMH SYSTEMS.

32. TVI and EMH SYSTEMS share an interrelation of operations and common management to such an extent that EMH SYSTEMS is the alter ego of TVI.

33. Further, there is an absence of any semblance of an arm's length relationship between TVI and EMH SYSTEMS.

34. TVI and EMH SYSTEMS have substantially identical management, business purpose, operation, equipment, and supervision.

35. EMH SYSTEMS and TVI must be treated as the same entity because it is necessary to prevent TVI from manipulating its corporate form to evade its obligations to Plaintiffs.

36. The continued recognition of TVI and EMH SYSTEMS as separate corporate entities would sanction fraud and promote injustice.

37. Accordingly, EMH SYSTEMS is the alter ego of TVI and is directly liable for TVI's obligations to the Plaintiffs, including unpaid contributions, interest and liquidated damages.

38. Plaintiffs have complied with all conditions precedent in bringing this suit.

39. Defendant EMH SYSTEMS, as the alter ego of TVI, is obligated to pay the reasonable attorneys' fees and costs incurred by Plaintiffs pursuant to the Collective Bargaining Agreement, Trust Agreements and 29 U.S.C. §§ 1132(g)(2) and 1451(e).

**WHEREFORE**, Plaintiffs respectfully request the following relief:

A.      That this Court enter an order holding that EMH SYSTEMS is the alter ego of TVI and, as such, it is bound to the terms of the TMMK Agreement and RBA.

B.      That this Court enter an order holding that EMH SYSTEMS, as the alter ego of TVI, is a joint employer with TVI and is obligated to pay contributions to the Plaintiffs;

C.      That EMH SYSTEMS, as the alter ego of TVI, be ordered to remit the outstanding monthly remittance reports for the period of August 2019 through present;

D.      That Judgment be entered in favor of Plaintiffs and against Defendant EMH SYSTEMS, as the alter ego of TVI, for any and all unpaid contributions, liquidated damages and interest found to be due and owing;

E.      That Judgment be entered in favor of the TRUST FUNDS and against EMH SYSTEMS, as the alter ego of TVI, for the attorneys' fees and costs incurred by the TRUST FUNDS pursuant to the RBA, Trust Agreements and 29 U.S.C. §§ 1132(g)(2)(D), 1145 and 1451(e); and

F.      That the TRUST FUNDS have such other and further relief as the Court may deem just and equitable all at the Defendant EMH SYSTEMS' cost, pursuant to 29 U.S.C. § 1132(g)(2)(E).

    Respectfully Submitted,

    /s/ Dennis R. Johnson
    Dennis R. Johnson (KY Bar No. 96387)
    Johnson & Krol, LLC
    311 S. Wacker Dr., Suite 1050
    Chicago, IL 60606
    (312) 372-8587
    johnson@johnsonkrol.com